```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON

ELY B. SMITH,                              Civ. No. 03-6053-CO

                Plaintiff,                 Order

        v.

JOSEPHINE COUNTY, et al.,

                Defendants.
```

Magistrate Judge John P. Cooney filed Findings and Recommendation on March 31, 2006 in the above entitled case. The matter is now before the court pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a de novo determination of that portion of the magistrate judge's report. See 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982).

Plaintiff and defendants Little and Allen filed objections.

The court has, therefore, given de novo review of Judge Cooney's rulings.

After review, the court adopts the Findings and Recommendation filed March 31, 2006, [#68], except for the finding that defendant Johnson is entitled to qualified immunity, and the recommendations that summary judgment should be granted as to Johnson and denied as to defendants Little and Allen. Judge Cooney correctly noted the conflicting evidence regarding Johnson's knowledge of prior threats to plaintiff. Johnson may well be entitled to qualified immunity. That question is best answered after full development of the facts regarding Johnson's knowledge of risks to plaintiff, however. For example, if Johnson knew of prior statements of inmates that plaintiff would be harmed, the qualified immunity determination would benefit from cross examination of Johnson's decision to rely on assurances from these same inmates that plaintiff would not be harmed.

Judge Cooney correctly noted that Little and Allen presented no evidence regarding their liability. These defendants nevertheless sustained their burden to point out the absence of evidence of their individual culpability, Celotex v. Cattrett, 477 U.S. 317, 325 (1986), which plaintiff has the burden to prove at trial, Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). In these circumstances, these defendants are entitled to summary

2 - ORDER

judgment.  <u>Celotex</u>, 477 U.S. at 325.

Plaintiff's objection to Judge Cooney's ruling regarding the admissibility of exhibit 14 is overruled.  Plaintiff does not address the hearsay ground relied upon by Judge Cooney.  Further, the objection is immaterial considering that there is no objection to Judge Cooney's determination that summary judgment should be denied on plaintiff's claims for supervisory and entity liability.

## Conclusion

Based on the foregoing, defendants' motion for summary judgment [#30] is granted in part and denied in part as follows: on plaintiff's first claim, summary judgment dismissing the claim is granted as to defendants Michels, Matiaco, Allen and Little, and denied as to defendant Johnson; on plaintiff's second claim, summary judgment dismissing the claim is granted as to defendants Johnson, Michels, Matiaco, Allen and Little; summary judgment is denied with respect to plaintiff's third and fourth claims.

IT IS SO ORDERED.

DATED this __20th__ day of July, 2006.

                                             __s/ Michael R. Hogan__
                                               United States District Judge